Dear Senate Long
¶ 0 This office has received your request for an official Attorney General Opinion in which you asked, in effect, the following question:
 Under the provisions of 3A O.S. Supp. 1997, § 205.7[3A-205.7], may an Oklahoma licensed racetrack lawfully accept wagers on the results of out-of-state full racing programs received from another Oklahoma licensed racetrack on days on which the receiving racetrack is neither conducting live races, nor accepting wagers on live races conducted at the sending racetrack, when the receiving racetrack receives, in its entirety throughout the year, the live race program from the sending Oklahoma racetrack?
¶ 1 In 1996, the Oklahoma Legislature made amendments to the Oklahoma Horse Racing Act, 3A O.S. 1991 and Supp. 1997, §§200-209 ("the Act"), to permit Oklahoma licensed racetracks (which the Act refers to as "organization licensees") — for the first time — to simulcast and accept wagers on the results of out-of-state full racing programs. 3A O.S. Supp. 1997, §205.7[3A-205.7](A). Under the new statutory scheme, Oklahoma racetracks that receive authorization from the Oklahoma Horse Racing Commission and other approval required by law, can receive and simulcast all of the races run at an out-of-state racetrack on a given day — the full racing program from the out-of-state racetrack. In permitting Oklahoma racetracks to simulcast and receive wagers on the results of the full racing program from out-of-state racetracks, the Legislature imposed various limits and requirements upon a racetrack's ability to accept wagers on such out-of-state races. Your question directly implicates the limits and restrictions placed upon a receiving racetrack's ability to accept wagers on the results of out-of-state simulcast full racing programs when the receiving racetrack is not conducting live racing.
¶ 2 A receiving racetrack's ability to accept wagers on out-of-state simulcast full racing programs when it is notconducting live racing is limited in two ways:
 1. Wagers may not be accepted on more than six (6) out-of-state full racing programs, and
 2. The number of days not included within its race meeting on which the receiving racetrack may accept such wagers is limited to fifty percent (50%) of the number of days the receiving racetrack conducts live racing.
¶ 3 These limits are imposed by 3A O.S. Supp. 1997, §205.7[3A-205.7](A)(2)(a), which provides:
 On days when the organization licensee is not conducting live racing, the licensee may accept wagers on the results of not more than six out-of-state full racing programs, provided that the number of days, not included in its race meeting,
which an organization licensee may be authorized to accept wagering pursuant to this paragraph is limited to fifty percent (50%) of the number of days the licensee conducts live racing[.]
3A O.S. Supp. 1997, § 205.7[3A-205.7](A)(2)(a) (emphasis added).
¶ 4 Both of these limitations are eliminated, however, under the conditions described in 3A O.S. Supp. 1997, §205.7[3A-205.7](A)(2)(b), which provides:
 [N]otwithstanding the limitations contained in subparagraph a of this paragraph, an organization licensee may accept wagers on races run at any racetrack licensed by the Oklahoma Horse Racing Commission, and may accept wagers on the out-of-state full racing programs received by said racetrack[.]
3A O.S. Supp. 1997, § 205.7[3A-205.7](A)(2)(b) (emphasis added).
¶ 5 Your question deals only with the restriction on the number of days which a receiving racetrack may receive and accept wagers on out-of-state full racing programs.
¶ 6 It is clear that were it not for the proviso in Section 205.7(A)(2)(b), a receiving racetrack's ability to accept wagers on out-of-state full racing programs outside its race meeting, when it is not conducting live racing, would be strictly limited to fifty percent (50%) of the number of days that the receiving racetrack conducts live racing. Under this strict limitation, if a receiving racetrack conducted live racing fifty (50) days within a calendar year, it could only accept wagers on such races twenty-five (25) days outside of its race meeting — 50% of the number of days it conducts live racing.
¶ 7 The proviso in subsection (2)(b) of Section 205.7(A) permits a receiving racetrack to accept wagers on the results of out-of-state full racing programs when the conditions of subsection (2)(b) are met — in spite of the 50% restriction in subsection (2)(a) of the same section.
¶ 8 The gravamen of your question concerns the conditions under which the proviso in subsection (2)(b) of Section 205.7(A) is triggered. You asked whether a receiving racetrack outside of its race meeting, on the days it is not conducting live racing, and on which it is not receiving simulcast of or accepting wagers on live races conducted by an Oklahoma licensed racetrack, may accept wagers on the out-of-state full racing programs received by an Oklahoma licensed racetrack — the sending racetrack — if the receiving racetrack does simulcast and accept wagers on all of the live races conducted by the sending racetrack throughout the year.
¶ 9 In responding to your inquiry we first note that the limitation on the number of days outside its race meeting that a receiving racetrack may accept wagers on out-of-state full racing programs applies whether the races are received from out-of-state racetracks or from in-state racetracks.
¶ 10 We secondly note that the proviso removing the limitation applies only to transactions between sister Oklahoma licensed racetracks and has no application to transactions between an Oklahoma racetrack and an out-of-state racetrack.
¶ 11 Third, we note that under the proviso removing the limitation provided for at 3A O.S. Supp. 1997, §205.7[3A-205.7](A)(2)(b), in order to receive and accept wagers on out-of-state full racing programs, the receiving racetrack must be receiving and accepting wagers on the live races conducted at its sister Oklahoma licensed racetrack; because the language in the proviso — insofar as the proviso deals with accepting wagers on other than live races conducted by another Oklahoma racetrack — only applies to accepting wagers on "out-of-state full racing programs received by said racetrack" — the sending Oklahoma racetrack. That is, under the proviso, wagers on out-of-state full racing programs may only be accepted on races which are being sent from a sister Oklahoma racetrack on whose live races the receiving racetrack accepts wagers. In short, the proviso requires the receiving racetrack to accept wagers on the sending racetrack's live races in order to be able to accept wagers on the out-of-state full racing programs received and sent on by the sending racetrack.
¶ 12 Finally, we note that the proviso does not contain an express limitation that limits a receiving racetrack's ability to accept wagers on out-of-state full racing programs received by and sent on by the sending racetrack to days on which the sending racetrack is also conducting live races. The proviso establishes two classes of races upon which a receiving racetrack may accept wagers: (1) live races of a sister Oklahoma licensed racetrack, and (2) the out-of-state full racing programs received by a sister Oklahoma licensed racetrack.
¶ 13 Nothing in the proviso requires that the two classes of races be sent on the same day. Nothing in the proviso requires that the receiving racetrack only accept wagers on the sending racetrack's out-of-state racing programs on those days when the sending racetrack is also conducting live racing and simulcasting those live races to the receiving racetrack.
¶ 14 It is therefore, the official Opinion of the AttorneyGeneral, that:
 An Oklahoma licensed racetrack (the receiving racetrack) that receives simulcasts of and accepts wagers on the live races conducted at a sister Oklahoma licensed racetrack (the sending racetrack), may also accept wagers on the out-of-state full racing programs received by the sending racetrack. There is nothing in the provisions of 3A O.S. Supp. 1997, § 205.7(A)(2)(b) that limits an Oklahoma licensed receiving racetrack's ability to accept wagers on the out-of-state full racing programs received from a sister Oklahoma racetrack on whose live races the Oklahoma receiving racetrack also accepts wagers, to those days on which the sending racetrack is also conducting live races and sending those live races to the receiving racetrack.
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 NEAL LEADER SENIOR ASSISTANT ATTORNEY GENERAL